```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SHAD PARKER,

       Plaintiff,

v.                                   Case No: 2:14-cv-497-FtM-29CM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

_____

## OPINION AND ORDER

     This matter comes before the Court on plaintiff's Motion to Remand (Doc. #8) filed on September 3, 2014. Defendant filed a Response (Doc. #14) on September 26, 2014. For the reasons set forth below, the motion to remand, and the request for attorney's fees and costs, is denied.

     Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). The party seeking to invoke federal jurisdiction bears the burden of establishing the jurisdiction of the federal court. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Thus, the burden of establishing federal jurisdiction is upon State Farm Automobile Insurance Company.

Plaintiff filed a Complaint (Doc. #2) in state court alleging damages resulting from a motorcycle accident.  Defendant filed a timely Notice of Removal (Doc. #1) on the basis of diversity jurisdiction.  It is undisputed that plaintiff is a citizen of Florida and defendant is a citizen of Illinois.  It is also not disputed that damages exceed the $75,000 threshold amount under 18 U.S.C. 1332(a).  According, this case is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" and is therefore removable to federal court.  28 U.S.C. § 1441(a).

Plaintiff has not established any basis for remand to state court.  While defendant may be a corporation qualified to do business in Florida, that does not make it a Florida corporation or a Florida citizen.  A domestic corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test, which typically but not always is the corporation's headquarters. Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010). Defendant's removal to federal court does not raise issues of personal jurisdiction, as plaintiff's motion suggests.  Removal involves subject-matter jurisdiction, not personal jurisdiction. Thus, defendant has met its burden of establishing federal

jurisdiction, and plaintiff has not shown any reason remand is appropriate.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. #8) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record