UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAD PARKER,

    Plaintiff,

v.                         Case No: 2:14-cv-497-FtM-29CM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #33) filed on August 14, 2015. Plaintiff filed a Response (Doc. #35) on August 28, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Shad Parker (Plaintiff or Parker) has filed a Complaint (Doc. #2) against Defendant State Farm Mutual Automobile Insurance Company (Defendant or State Farm) seeking insurance coverage for injuries and damages Parker suffered as a result of a motorcycle accident. The relevant undisputed facts are as follows:

In April 2013, Parker was involved in a single vehicle accident while riding his motorcycle. (Doc. #33, p. 2-3; Doc. #35, p. 4-5.) According to Parker, he was riding his motorcycle in the middle lane of a three-lane road at approximately 45 miles

per hour when a vehicle travelling in the right lane moved into the center lane in front of him. (Id.)  The vehicle remained in the center lane for between five and twenty seconds and then abruptly applied its brakes. (Id.)  As Parker applied his brakes in an attempt to avoid hitting the vehicle, the front wheel of his motorcycle locked and the motorcycle slid. (Id.)  Parker and the motorcycle did not impact the other vehicle, which drove off.  The driver of the so-called "phantom vehicle" was never located. (Id.)

At the time of the accident, Parker had a State Farm insurance policy (the Policy) which included uninsured/underinsured motorist coverage benefits. (Doc. #35-4.)  Following the accident, Parker filed a claim with State Farm pursuant to the Policy for the injuries and damages he suffered as a result of the accident. (Doc. #2, ¶¶ 13-15.)  State Farm refused to pay any benefits and Parker commenced this lawsuit seeking coverage under the Policy. (Id.)

State Farm now moves for summary judgment, arguing that the undisputed facts demonstrate that Parker's negligence caused the accident.  Parker responds that summary judgment is inappropriate because his alleged negligence is, at the very least, a disputed issue of material fact.

**II.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

2

law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces

3

a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

State Farm argues that it is entitled to summary judgment because the undisputed facts establish that the accident resulted from Parker's negligence. However, State Farm does not explain why a finding that Parker was negligent requires the Court to conclude that Parker is not entitled to benefits under the Policy. Presumably, State Farm intends to argue that the portion of the Policy providing for uninsured/underinsured motorist coverage does not entitle Parker to coverage if the accident in question resulted from Parker's own negligence. However, State Farm's motion does not address the Policy at all, let alone cite to the portion of the Policy which would absolve State Farm of liability if Parker was negligent. Thus, even if the Court were to conclude that Parker was negligent, State Farm has failed to demonstrate that Parker's negligence vitiates his claim for insurance benefits. Accordingly, State Farm's motion for summary judgment must be denied.

To be clear, Parker's response to State Farm's motion addresses only whether the undisputed facts establish that Parker was negligent. Thus, Parker appears to concede that he is not entitled to benefits under the Policy if the accident resulted from his negligence. However, even if the Court assumes that the

4

coverage issue turns on the presence or absence of Parker's negligence, the Court nevertheless concludes that there are disputed issues of material fact relevant to that determination.

State Farm argues that Parker was negligent because he failed to create sufficient space between himself and the phantom vehicle. Florida law "requires all drivers to push ahead of themselves an imaginary clear stopping distance or assured stopping space or adequate zone within which the driven vehicle can come to a stop. Failure to maintain such a zone is normally the sole proximate cause of injuries and damages resulting from the collision of a vehicle with an object ahead." Clampitt v. D.J. Spencer Sales, 786 So. 2d 570, 575-76 (Fla. 2001) (quoting Lynch v. Tennyson, 443 So. 2d 1017, 1020-21 (Fla. 5th DCA 1983) (Cowart, J., dissenting)). Accordingly, "when a vehicle collides with an object ahead of it, including the rear of a leading vehicle, there is a presumption of negligence on the part of the overtaking or following vehicle." Id. The presumption of negligence also applies where, as here, a non-contact accident occurs as a result of a following vehicle's attempt to avoid a rear-end collision with a leading vehicle. Birge v. Charron, 107 So. 3d 350, 353 (Fla. 2012) (presumption applied to driver of motorcycle that flipped over while attempting to avoid a rear-end collision).

The presumption that the following driver was negligent can be rebutted by evidence that the following driver acted reasonably under the circumstances. Id. at 359-60. "It is well settled that

5

a sudden stop, without more, is insufficient to overcome the presumption of negligence." Clampitt, 786 So. 2d at 575. However, "a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver" overcomes the presumption of negligence and creates a factual issue to be decided by the jury.   Pierce v. Progressive Am. Ins. Co., 582 So. 2d 712, 714 (Fla. 5th DCA 1991).

Thus, Parker can overcome the presumption of negligence by providing evidence that the phantom vehicle made a sudden stop *and* that such a stop was not reasonably expected.  The Court concludes that Parker has done so.  At his deposition, Parker testified that the phantom vehicle moved into his lane and abruptly applied its breaks. (Doc. #35-2, pp. 21-31.)  At the time of the lane change, the phantom vehicle was approximately 40 feet in front of him and the vehicles were travelling at approximately 45 miles per hour. (Id.)  According to Parker, the time between the phantom vehicle's lane change and the accident could have been as short as five seconds.  (Id.)  When asked why he was unable to safely stop once the phantom vehicle abruptly applied its brakes, Parker testified that when he applied his brakes his "front wheel locked up and [his motorcycle] slid." (Id. at p. 31.)

As explained above, the presumption that the following vehicle in a rear-end collision is negligent is premised on a driver's obligation to maintain a safe following distance. However, given Parker's testimony that the phantom vehicle

6

abruptly applied its breaks as quickly as five seconds after changing lanes, a jury could reasonably conclude that Parker was not afforded sufficient time to create a safe following distance. Put another way, a jury could conclude that Parker could not reasonably expect an abrupt stop to occur so quickly following a lane change, thereby rebutting the presumption that Parker acted negligently.  Moreover, while travelling at Parker's estimated 45 miles per hour, Parker would have covered the approximately 40-foot gap between himself and the phantom vehicle in less than two-thirds of a second.  Thus, a jury could reasonably credit Parker's testimony that there was nothing he could do to avoid the accident. (Id. at p. 34.)  Therefore, even assuming that Parker's alleged negligence would vitiate his claim for insurance benefits, Parker's testimony creates disputed issues of material fact relevant to the negligence determination.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record